UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

GARY ROBERT WIRTA,

Petitioner,

v.

BERT MOHS, Warden,
State of Minnesota,

Respondents.

Civil No. 01-537 (DSD/FLN)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In 1995, a jury in Anoka County Minnesota found Petitioner guilty of attempted first degree murder, second degree assault, obstructing a peace officer, aggravated driving

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED APR 03 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

under the influence, and fleeing a peace officer in a motor vehicle.[2] He was sentenced to state prison for a total of 192 months, and he is presently serving his sentence at the Minnesota Correctional Facility in Lino Lakes, Minnesota.

Petitioner filed a direct appeal in the Minnesota Court of Appeals, in which he raised several claims, including: (1) that the trial court erroneously admitted evidence of other wrongful conduct, (2) that there was insufficient evidence to support the jury's verdict, (3) that the trial court wrongly excluded certain expert psychiatric testimony, and (4) that the jury should not have been permitted to view certain videotape evidence. Petitioner raised several additional claims in a separate pro se brief, including a claim that he had received ineffective assistance of counsel at trial. The Court of Appeals rejected all of Petitioner's claims on the merits – except for his ineffective assistance claim. His convictions and sentence were affirmed, but the Court of Appeals "defer[red] the ineffective assistance of

---

[2] The Minnesota Court of Appeals provides the following synopsis of Petitioner's crimes:

> "In October 1994, [Petitioner] Gary Robert Wirta refused to comply when a police officer attempted to stop his vehicle for speeding and weaving. Officer Chad Duckson and another officer pursued Wirta to his home, where Wirta drove into his garage. The officers followed him on foot into the garage. When Wirta refused to leave his vehicle, the officers physically removed him. He was placed in a squad car, transported to the police station, and eventually placed in a holding cell. When Officer Duckson entered the cell, Wirta produced a knife from behind his back and struck Officer Duckson several times in the chest and side. Officer Duckson's shirt was cut, but he was wearing a protective vest and was not injured."

State v. Wirta, No. C1-99-473 (Minn.App. 1999), 1999 WL 994002 (unpublished opinion) at *1.

counsel claim," noting that Petitioner could still raise that claim in a post-conviction motion. State v. Wirta, No. C2-95-1235 (Minn.App. 1996), 1996 WL 33123 (unpublished opinion) ["Wirta I"]. Petitioner's request for further review by the Minnesota Supreme Court was denied on March 19, 1996.

Sometime in 1998, Petitioner filed a post-conviction motion in the trial court, in which he again raised his ineffective assistance of counsel claim. After that motion was denied in January 1999, Petitioner filed another appeal. The Court of Appeals upheld the trial court's denial of the post-conviction motion in a decision dated November 2, 1999. State v. Wirta, No. C1-99-473 (Minn.App. 1999), 1999 WL 994002 (unpublished opinion) ["Wirta II"]. Petitioner asked the Minnesota Supreme Court to review the Court of Appeals' decision, but that request was denied on January 18, 2000.

On March 28, 2001 -- more than a year after the state post-conviction proceedings were completed – Petitioner filed his present application for federal habeas corpus relief. The instant petition lists four grounds for relief: (1) that Petitioner received ineffective legal assistance from his trial counsel, (2) that the trial court erroneously admitted certain prejudicial "character evidence," (3) that there was insufficient evidence to support Petitioner's convictions, and (4) that the trial court erroneously admitted a prejudicial videotape. None of these claims will be addressed on the merits, however, because the Court finds that the petition was not filed within the time limit prescribed by 28 U.S.C. § 2244(d). Instead, it will be recommended that the petition be summarily dismissed with prejudice, because it is time-barred.

**II. DISCUSSION**

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no suggestion that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any newly-recognized constitutional right

or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was finally upheld on direct appeal when the Minnesota Supreme Court denied his request for further review on March 19, 1996. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup.Ct.R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on June 17, 1996 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction on direct appeal.[3] The statute of limitations expired one year later, on June 17, 1997.

However, Petitioner did not file his present petition until March 28, 2001, which was nearly five years after the statute of limitations began to run in this case, and nearly four years after the limitation period expired. It is therefore evident that the instant petition was filed much too late.

---

[3] The Eighth Circuit Court of Appeals has held that the § 2244(d) limitation period never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). That rule is inapposite here, because Petitioner's judgment of appeal did not become final on direct appeal until June 17, 1996, which was after the AEDPA statute of limitations was enacted.

The Court has not overlooked 28 U.S.C. § 2244(d)(2), which stops the statute of limitations from running while state post-conviction proceedings are pending. The tolling provisions of § 2244(d)(2) cannot aid the instant Petitioner, however, because the statute of limitations had already expired before he filed his post-conviction motion in the trial court. Petitioner did not file his post-conviction motion until sometime in 1998,[4] which was long after the statute of limitations expired on June 17, 1997. Again, Petitioner's post-conviction motion could not toll the statute of limitations, because the limitation period had already expired before that motion was filed. See Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief"); Williams v. Cain, No. CIV. A. 00-536, (E.D.La. June 27, 2000), 2000 WL 863132 at *2 (same).

Petitioner may believe that his post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until his post-conviction proceedings were complete. That, however, is simply not the case.[5]

---

[4] Petitioner's submissions do not indicate exactly when he filed his post-conviction motion in the trial court, but the Minnesota Court of Appeals has noted that he "petitioned for postconviction relief in 1998." Wirta II, at *1.

[5] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has

Furthermore, even if the statute of limitations did not begin to run until after Petitioner's state post-conviction proceedings were completed, his current petition would still be too late. The post-conviction proceedings ended when the Minnesota Supreme Court denied his second request for review on January 18, 2000. Even if the statute of limitations did not begin to run until that date, the limitation period would have expired on January 18, 2001.[6] Because Petitioner did not file his current petition until March 28, 2001, it still would have been more than two months too late.

Finally, Petitioner cannot overcome the § 2244(d) statute of limitations merely by citing 28 U.S.C. § 2241 in the caption of his petition, rather than 28 U.S.C. § 2254. This transparent attempt to avoid the statute of limitations will not work for two reasons.

First, there is no language in § 2244(d), which suggests that the statute of limitations is limited to actions brought specifically under § 2254. To the contrary, the statute of limitations applies to any "application for a writ of habeas corpus by a person in

---

already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at *4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 121 S.Ct. 175 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

[6] The statute of limitations was not tolled during the 90-day period following the State Supreme Court's final decision in the post-conviction proceedings, when Petitioner could have applied for a writ of certiorari from the U.S. Supreme Court. Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir. 2001).

custody pursuant to the judgment of a State court," which would include a petition purportedly brought under § 2241.

Furthermore, if the one-year limitation period did not apply to prisoners who attempt to challenge their state criminal convictions under § 2241, the statute of limitations would be rendered meaningless, because any prisoner who was time-barred from seeking relief under § 2254, could circumvent the statute of limitations by simply changing the label on his petition from § 2254 to § 2241. Congress could not have intended for the statute of limitations to be so easy to evade, (which probably explains why § 2244(d) includes no specific reference to either § 2254 or § 2241). Our Court of Appeals has held that federal prisoners cannot use § 2241 to avoid the one-year statute of limitations, (United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)), and there is no reason to think that a different rule would be applicable to state prisoners. Thus, the Court rejects any suggestion that Petitioner is not subject to the one-year statute of limitations set forth at § 2244(d), simply because he has cited § 2241, rather than § 2254, in the caption of his petition.

For the reasons discussed herein, the Court concludes that Petitioner's present habeas corpus petition is time-barred pursuant to 28 U.S.C. § 2244(d). It is therefore recommended that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. Moreover, because Petitioner is now statutorily ineligible for federal habeas corpus relief, it is further recommended that the action be dismissed with prejudice.

**III. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

Dated: April 3, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.